IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMTEX SECURITY, INC. D/B/A <br> AMTEX GLOBAL SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> 3M COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § | C.A. No. 07-171 |

**ORDER**

On this day came on to be considered the motion of Defendant 3M Company (hereinafter "3M"), seeking to stay the above-styled action pending a decision on 3M's motion to compel arbitration currently pending in <u>3M v. Amtex Security, Inc.</u>, United States District Court for the District of Minnesota, Case No. 0:07-cv-3198, assigned to Senior Judge Paul A. Magnuson (D.E. 15). For the reasons set forth below, 3M's motion to stay is hereby GRANTED, and this case is STAYED until Monday, September 24, 2007.

This case concerns a dispute between Plaintiff Amtex Security, Inc., DBA Amtex Global Services (hereinafter, "Amtex") and 3M. Amtex claims that it provided various services to 3M, for which 3M did not pay Amtex. (Plaintiff's Original Petition, pp. 1-3). Amtex seeks to recover from 3M on various theories, including unjust enrichment, breach of contract, breach of the duty of good faith and fair dealing, and tortious interference with contractual relations. (<u>Id.</u>). 3M maintains that its dealings with Amtex were covered by

a Master Agreement and Sub-Agreement, and that the Sub-Agreement contains a binding arbitration clause that governs the current dispute between Amtex and 3M.  (D.E. 15, Motion to Stay).  This arbitration clause contains a provision stating that any such arbitration will take place in St. Paul, Minnesota.  (Id., pp. 1-2).

On July 2, 2007, 3M filed a "Complaint and Petition to Compel Arbitration and Stay Litigation" in the United States District Court for the District of Minnesota (D.E. 1, Case No. 0:07-cv-3198, 3M v. Amtex Security, Inc., D. Minn.).  In this filing, 3M asks the Minnesota district court to enter an order compelling Amtex to arbitrate its dispute with 3M in St. Paul, Minnesota.  (Id., ¶¶ 18-19).

On July 16, 2007, 3M filed a motion in this Court, seeking to stay the instant case pending a decision by the United States District Court for the District of Minnesota on 3M's petition to compel arbitration (D.E. 15).  In its motion to stay, 3M indicates that on September 13, 2007, the Minnesota district court intends to hold a hearing on 3M's petition to compel arbitration.  (Id., p. 3).

In light of the above, this Court hereby ORDERS that the above-styled action is STAYED in its entirety until Monday, September 24, 2007.[1]  On that date, 3M shall file with this Court a pleading indicating the action taken by the United States District Court for

---

[1]This STAY includes, but is not limited to, the initial pretrial and scheduling conference in this case, which was previously scheduled to take place on Friday, July 20, 2007, at 1:15 PM.

the District of Minnesota with regard to 3M's petition to compel arbitration in Case No. 0:07-cv-3198, 3M v. Amtex Security, Inc, D. Minn.[2]

SIGNED and ENTERED this 17th day of July, 2007.

_____
Janis Graham Jack
United States District Judge

---

[2]The Court notes that the arbitration clause at issue indicates that any arbitration pursuant to the agreement shall take place in St. Paul, Minnesota.  St. Paul is within the district of the United States District Court for the District of Minnesota.  Section 4 of the Federal Arbitration Act ("FAA") states that the "hearing and proceedings" under an arbitration agreement "shall be within the district in which the petition for an order directing such arbitration is filed".  9 U.S.C. § 4. The Court notes that under the Fifth Circuit's holding in Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co., 524 F.2d 1275, 1276 (5th Cir. 1975), this Court could technically compel the parties to arbitrate in St. Paul, even though St. Paul is not within the Southern District of Texas.  However, this case is distinguishable from Dupuy-Busching, and in light of Section 4 of the FAA and numerous cases holding that a district court cannot compel arbitration outside of its own district, the Court determines that the United States District Court for the District of Minnesota would be the appropriate court to compel arbitration in this case.  See, e.g., Ansari v. Qwest Communications Corp., 414 F.3d 1214, 1219 (10th Cir. 2005); Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1018 (6th Cir. 2003); see also Nat'l Iranian Oil Co. v. Ashland Oil, Inc., 817 F.2d 326, 330 (5th Cir. 1987) (distinguishing Dupuy-Busching from the case before the court).